IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIE SAKURA, as Personal Representative of the
Estate of JOSE GARCIA-MORALES, deceased,
and ROBERTA MARTINEZ-CADENA, LUIS
RUBIO-GOMEZ, JESUS ESCALANTE-
MORALES, and ELIEL MANZO-SANCHEZ,

      Plaintiffs,

vs.                                                                                                                           No. 2:12-cv-00791 RB/WPL

THE GOODYEAR TIRE & RUBBER COMPANY,
and JOSE A. MENDEZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This case presents the Court with an uncommon issue: does a plaintiff state a colorable claim for relief against a non-diverse defendant under substantive negligence law, requiring remand, if he specifically alleges that the non-diverse defendant did nothing wrong? This Court has reviewed Plaintiffs' Motion to Remand (Doc. 9), Defendant Goodyear Tire & Rubber Company's ("Goodyear's") Response to Plaintiffs' Motion to Remand (Doc. 18), Plaintiffs' Reply (Doc. 20), the relevant law, and is otherwise fully advised. The Court concludes that, despite Plaintiffs' asserted belief that Defendant Jose A. Mendez acted reasonably, it remains possible that Plaintiffs could establish that Mendez was negligent. Mendez's citizenship renders the removal improper, and the Court will grant the motion to remand.

**I.**     **Background**

On October 12, 2011, Plaintiffs were passengers in a Ford Explorer that was owned and being driven by Mendez in Doña Ana County, New Mexico. While the group was driving on the

interstate, the Explorer's left rear tire, which was manufactured and sold by Goodyear, separated. Mendez lost control of the Explorer, and it overturned. Jose Garcia-Morales was ejected from the vehicle, suffered fatal injuries, and was pronounced dead at the scene. Julie Sakura, the appointed personal representative for Garcia-Morales, appears as a Plaintiff on his behalf. The other three Plaintiffs suffered non-fatal injuries.

Plaintiffs filed their complaint in the First Judicial District Court for the State of New Mexico, naming Goodyear and Mendez as Defendants. Plaintiffs' first three counts assert claims against Goodyear based on strict products liability, negligence, and breach of the implied warranty of merchantability. The fourth count pleads a negligence claim against Mendez. Specifically, Plaintiffs aver that "evidence would support findings that Jose A. Mendez breached his duty of ordinary care and was therefore negligent." (Compl., Doc. 1 Ex. A, at ¶ 33). They further contend that "the evidence would support a finding that such negligence was a cause of the injuries and damages they have suffered." (*Id.*) However, Plaintiffs go on in the next paragraph to state,

> Alternatively, Plaintiffs . . . each individually assert and believe that the conduct of Jose A. Mendez was such that, under the sudden emergency with which he was confronted, a finder of fact should reasonably conclude that his conduct was in all respects reasonable and he should not be held responsible for the injuries and damages they have suffered.

(*Id.* at ¶ 34). Plaintiffs go on to explain that Mendez is a necessary party defendant in order to assess any comparative negligence claimed and proven by Goodyear. (*Id.*) Ultimately, damages are sought based on the acts and omissions of Defendants collectively. (*Id.* at ¶ 35).

On July 19, 2012, Goodyear removed the case to this Court, pursuant to 28 U.S.C. § 1441, asserting subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). The facts establish that the amount in controversy exceeds $75,000. All Plaintiffs are

citizens of Mexico.[1] Goodyear is an Ohio corporation with its principal place of business in Akron, Ohio. Mendez is a New Mexico resident. Had the case been filed by Plaintiffs in federal court, this Court would have subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). However, because the case was filed in state court, the joinder of Mendez renders removal unavailable to the Defendants. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Goodyear asserts that Mendez's citizenship should be disregarded for jurisdictional purposes because he was improperly joined as a Defendant. (Doc. 1). Plaintiffs have moved to remand the case to state court, contending that their claim against Mendez is viable and that Goodyear's removal was procedurally defective. (Doc. 9). After the case was removed, Mendez filed an answer to Plaintiffs' complaint and a cross-claim against Goodyear. (Docs. 10, 12 & 13).

**II.     Legal Standards**

The United States Constitution created the federal courts as courts of limited jurisdiction; as such, the federal courts must carefully consider whether they have subject matter jurisdiction over any given action. *See* U.S. CONST. art. III, § 2; *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). When a case is removed from state court, the party requesting removal bears the burden to establish that all jurisdictional requirements are satisfied. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quotation omitted). If there is any substantial doubt concerning federal jurisdiction on removal, the case

---

[1] The personal representative for Garcia-Morales is a citizen of New Mexico. However, citizenship of a legal representative for the estate of a deceased plaintiff is determined by the citizenship of the deceased, 28 U.S.C. § 1332(c)(2), and Garcia-Morales was a citizen of Mexico.

should be remanded. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Loughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Courts have long held that the right of removal cannot be defeated by "a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Joinder may be deemed fraudulent if the alleged facts are not sufficient to state a cause of action against the defendant under the governing substantive law or if it is clear that the plaintiff cannot succeed on the merits. *See id.*; *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citing *Parks v. N.Y. Times Co.*, 308 F.2d 474 (5th Cir. 1962); *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406 (10th Cir. 1958)). However, the plaintiff's motive in joining the defendant is irrelevant to the inquiry, so long as there is some substance to the allegation against the defendant. *Town of Freedom, Okla. v. Muskogee Bridge Co., Inc.*, 466 F. Supp. 75, 78 (W.D. Okla. 1978) (citing *Bass v. Halliburton Oil Well Cementing Co.*, 131 F. Supp. 680 (E.D. Okla. 1955)).

When a party asserts a right to removal based upon fraudulent joinder, the removing party "must demonstrate that there is no possibility that [the] plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished table decision) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)) (original alterations omitted). The standard that the removing party must satisfy is "more exacting than that for dismissing a claim under [Federal Rule of Civil Procedure] 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992)). Federal jurisdiction must be demonstrated by a preponderance of the evidence with all

ambiguities resolved in favor of the non-moving party. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003) (citation omitted); *Hart*, 199 F.3d at 246 (quotation omitted). In summary,

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The question before the Court, then, is whether Goodyear has demonstrated that Plaintiffs have no reasonable possibility of recovering against Mendez, considering the allegations in the complaint and the law of the state of New Mexico and resolving all ambiguities in Plaintiffs' favor.

### III.   Analysis

There is no doubt that the law of New Mexico allows an injured passenger in a vehicular accident to sue the driver of the vehicle for his negligence as well as the company that manufactured and sold any parts of the vehicle that may have caused or contributed to the accident. *See Archibeque v. Homrich*, 543 P.2d 820 (N.M. 1975); *Norwest Bank N.M., N.A. v. Chrysler Corp.*, 981 P.2d 1215, 1220 (N.M. Ct. App. 1999). Goodyear does not dispute that Plaintiffs could properly pursue negligence claims against Mendez under New Mexico law. Instead, Goodyear asserts that Plaintiffs disclaimed any liability on the part of Mendez. Goodyear focuses its argument on Plaintiffs' "alternative" theory in the portion of the complaint related to Mendez. In the relevant paragraph, Plaintiffs state that they believe and the jury "should" find that Mendez's actions were reasonable in light of the emergency situation. (Compl. at ¶ 34). That statement, according to Goodyear, does not constitute pleading in the alternative but instead functions as an affirmative disclaimer of any liability on the part of Mendez.

In the complaint, Plaintiffs do not specify the actions or omissions by Mendez undergirding their claim of negligence. While the lack of specificity could constitute a conclusory allegation of liability without supporting factual content under federal pleading standards, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007), pleading standards in New Mexico are not so strict. Indeed, dismissal for failure to state a claim under New Mexico state law "is only proper when it appears that [the] plaintiff can neither recover nor obtain relief under any state of facts provable under the claim." *N.M. Pub. Schs. Ins. Auth. v. Arthur J. Gallagher & Co.*, 198 P.3d 342, 346 (N.M. 2008) (quotation and emphasis omitted). This standard must be kept in mind when considering whether it is possible for Plaintiffs to prove facts supporting their negligence claim against Mendez.

At least two courts in this district have addressed this precise legal issue in factually similar cases, and both found that the defendant driver was not fraudulently joined despite the plaintiff's assertion that he acted reasonably. *Rodriguez v. Marchman*, Civ. No. 06-228 JH/LFG, Doc. 17 (D.N.M. Aug. 24, 2006); *Andrada v. Juarez*, Civ. No. 05-843 WJ/WPL, Doc. 12 (D.N.M. Sept. 30, 2005). In *Andrada*, Judge Johnson faced an identical situation to the one before this Court: the plaintiffs, passengers fatally injured in a motor vehicle accident, asserted claims of negligence against all defendants, including the non-diverse driver of their vehicle, and simultaneously stated their belief that the driver had acted reasonably given the sudden emergency situation. *Andrada*, Civ. No. 05-843, Doc. 7, at 3 (D.N.M. Aug. 25, 2005). Judge Johnson concluded that the plaintiffs clearly had a viable claim against the driver, despite their "failure to artfully and aggressively plead their negligence claim . . . ." *Andrada*, Civ. No. 05-843, Doc. 12 at 6. In another similar case, Judge Herrera considered a motion to remand in a case arising from a traffic accident in which Rodriguez, the driver of the automobile, was named as

both a plaintiff and a defendant. *Rodriguez*, Civ. No. 06-228, Doc. 17 at 4. The other plaintiffs sought damages from Rodriguez in the event that she was found comparatively negligent. *Id.* at 4. Judge Herrera found that the court lacked subject matter jurisdiction because, despite the "bizarre procedural posture[,]" it was possible that the other plaintiffs could recover against Rodriguez based on the negligence claim. *Id.*

In the case at bar, it is clear that Plaintiffs are primarily interested in recovering against Goodyear. However, it is also plain that Mendez was driving the car in which Plaintiffs were injured and that any negligence on his part will be compared to any liability on the part of Goodyear. As Judge Johnson stated, the test for fraudulent joinder is not whether Plaintiffs are aggressively pursuing their claim against Mendez. It is, instead, whether Plaintiffs have any viable claim against Mendez. *See also Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1147 (D.N.M. 1999).

It is beyond doubt that Plaintiffs could establish a set of facts supporting their claim that Mendez was negligent. Even if the state court does hold Plaintiffs to their statement that Mendez acted reasonably in the emergency situation, numerous factual scenarios could reveal that Mendez was negligent prior to the emergency situation. Indeed, Goodyear itself identified a variety of potential misuses of the tire that could support Plaintiffs' negligence claim against Mendez. (*See* Answer, Doc. 4, at 7-9). Because there is a possibility that Plaintiffs could recover against Mendez, he was not fraudulently joined and his citizenship must be considered to determine the propriety of removal. As such, removal on diversity grounds was improper and the motion to remand shall be granted.

Because the Court finds that the removal was improper, it declines to consider Plaintiffs' additional argument that the notice of removal was procedurally defective. (*See* Doc. 9 at 11-12).

Given that this case will be remanded, the Court must consider Plaintiffs' request for costs and fees. (*See* Doc. 9 at 12-13). A federal court remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has clarified the standards governing an award of fees under this provision, stating that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court concludes that Goodyear's removal was objectively reasonable. While the Court decides against Goodyear on the merits of the removal, the company presented sound legal argument supporting its position and reasonably believed that Mendez had been fraudulently joined. The Court does not find any unusual circumstances warranting a departure from the rule that fees should be denied when removal was objectively reasonable. Accordingly, the Court denies Plaintiffs' request for fees.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 9), filed August 15, 2012, is **GRANTED**. This matter is **REMANDED** to the First Judicial District, County of Santa Fe, State of New Mexico.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**